IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CENTRAL PACIFIC BANK, | ) CIVIL NO. 14-00239 HG-RLP |
|         Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
|         vs. | ) GRANT PLAINTIFF'S MOTION TO |
| UTALY LLC; STEVEN P. WYSKOCIL; MELODY DILLBERG WYSKOCIL; ASSOCIATION OF APARTMENT OWNERS OF MAUNA LANI TERRACE, ET AL. | ) REMAND CASE TO STATE COURT AND ) DENY PLAINTIFF'S REQUEST FOR ) ATTORNEY'S FEES |
|         Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION TO REMAND CASE TO STATE COURT AND
DENY PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES[1]

Before the Court is Plaintiff's Motion to Remand Case to State Court, filed June 18, 2014. ECF No. 9. In Response to the Motion to Remand, Defendant Steven P. Wyskocil filed a Memorandum of Points and Authorities Stipulating to Remand and in Opposition to Request for Attorney's Fees on July 1, 2014.[2] ECF

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] From the caption of this filing, it appears that Defendant Steven Wyskocil is attempting to represent Defendants Melody Dillberg Wyskocil and Utaly LLC. However, Mr. Wyskocil is not permitted to do so. See Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (citation omitted)); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is

Nos. 13, 14.  Plaintiff filed its Reply on July 18, 2014.  ECF No. 15.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 11.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand and DENY Plaintiff's request for attorney's fees.

BACKGROUND

Plaintiff filed its Complaint for judicial foreclosure against Defendants on March 19, 2014, in the Circuit Court of the First Circuit, State of Hawaii.  See ECF No. 1-1.  Defendants Steven P. Wyskocil and Melody Dillberg Wyskocil filed a Notice of Removal on May 20, 2014.  ECF No. 1.  In their Notice of Removal, the Wyskocils reference a cross-complaint against Plaintiff for violations of three federal statutes:  the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Home Ownership and Equity Protection Act.  ECF No. 1 at 2-3.  Although a copy of the cross-complaint was attached to the Wyskocils' Notice of Removal, see ECF No. 1-4, it does not appear that the cross-complaint was filed in state court.  See Ex. A to Decl. of Mitzi A. Lee, ECF No. 9-4.  According to Plaintiff, Defendants

---

well established that the privilege to represent oneself pro se . . . is personal to the litigant and does not extend to other parties or entities." (citation omitted)).

submitted to Plaintiff a second notice of removal, which did not reference a cross-complaint. ECF No. 9-3 ¶ 6. This second notice of removal was not filed with the court. In the affirmative defenses section of their Answer, the Wyskocils reference Plaintiff's alleged violations of the three federal statutes also mentioned in their cross-complaint. See ECF No. 1-3.

DISCUSSION

Remand to state court may be ordered for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). Here, the parties agree that remand is appropriate. See ECF No. 13. Mr. Wyskocil explains in his Memorandum that he believed that removal was proper based on the federal defenses asserted in the Wyskocils' Answer, but he has since learned that he was not correct. ECF No. 14 at 2. Based on the parties' agreement that removal is appropriate, the Court FINDS AND RECOMMENDS that the district court remand this action to the First Circuit, State of Hawaii.

Although Mr. Wyskocil has agreed to remand, Plaintiff seeks attorney's fees and costs incurred in connection with removal. See ECF No. 15. In granting remand, a court may award

costs and actual expenses, including attorney's fees, if the defendant lacked an objectively reasonable basis for removing the action. 28 U.S.C. § 1447(c); Garner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005)). Based on the Wyskocils' pro se status, the Court finds that an award of attorney's fees is not appropriate. Many courts have found that a defendant's pro se status weighs heavily against awarding attorney's fees under Section 1447(c). See, e.g., Deutsche Bank Trust Co. Americas v. Bradford, No. C 12-01077 RS, 2012 WL 3069155, at *1 (N.D. Cal. July 26, 2012) (citing cases). "In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts afford significant weight to the defendant's lack of representation." Am. Homes 4 Rent Props. One, LLC v. Reyes, No. C 13-2694 SI, 2013 WL 4048984, at *3 (N.D. Cal. July 30, 2013). Although the Wyskocils' removal lacked merit, the Court finds that it was not objectively unreasonable for the Wyskocils to assume, without legal knowledge or counsel, that removal could be based on the federal statutes referenced in the affirmative defenses section of their Answer. See HSBC Bank USA, Nat. Ass'n v. Manuel, No. C 10-01186, 2010 WL 3366410 at *2 (N.D. Cal. Aug. 25, 2010) (holding that a pro se defendant is "entitled to more leeway in his attempt to comply with the removal statute."). As noted by Mr. Wyskocil in his Memorandum, as soon

as he was informed of the improper basis for removal, he agreed that remand to state court was appropriate. See ECF No. 14 at 2. The Court FINDS AND RECOMMENDS that the district court deny Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand Case to State Court and DENY Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 24, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**CENTRAL PACIFIC BANK V. UTALY LLC, ET AL., CIVIL NO. 14-00239 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**